2026 IL App (2d) 250482-U
No. 2-25-0482
Order filed July 1, 2026

**NOTICE:** This order was filed under Illinois Supreme Court Rule 23(b) and is not precedential except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

AARON KREJCI, Plaintiff-Appellant,

v.

KRISTEN BROKAW, Defendant-Appellee

Appeal from the Circuit Court of McHenry County.
Honorable Kevin G. Costello, Judge, Presiding.
No. 25-LM-15

JUSTICE BIRKETT delivered the judgment of the court.
Justices McLaren and Mullen concurred in the judgment.

**ORDER**

¶ 1   *Held*:  Given the incomplete record and Supreme Court Rule violations, we have no basis to disturb the trial court's order finding that defendant has a superior possessory interest in the dog purchased by the parties.

¶ 2   *Pro se* plaintiff, Aaron Krejci, appeals the trial court's September 26, 2025, order finding that *pro se* defendant, Kristen Brokaw, has a superior possessory interest in a dog purchased by the parties.

¶ 3                              I. BACKGROUND

¶ 4   At all times during the trial court proceedings, both parties represented themselves.

¶ 5   On June 5, 2025, plaintiff filed a complaint in replevin, alleging, in relevant part, that he is "lawfully entitled to possession" of Kasha, a "7½" year-old dog, worth $4,000. On June 12, 2025,

plaintiff filed a motion to modify the next scheduled court date.  On June 17, 2025, defendant filed a response stating that plaintiff had moved out of her house in the fall of 2024, and that he had removed his property "during September 2024-October 2024."  Further, defendant argued in her response that she did not have the items requested by plaintiff, and that "several items listed" did not belong to him.

¶ 6    On June 18, 2025, defendant moved to dismiss plaintiff's complaint. In her motion, defendant noted that plaintiff had filed a complaint in "replevin stating he was to recover personal property taken wrongfully or unlawfully."  Defendant alleged that she had filed an order of protection on October 28, 2024 "in Judge Hirsh's court."  According to defendant, this order of protection was extended on November 18, 2025, and granted on December 11, 2025.  Plaintiff was allowed to return to the property with a "[police department] escort to take the remainder of his belongings," although he did not do so.  Defendant argued that the initial order of protection "expired 2/2025" and a subsequent order "was placed on 3/10/2025," and then granted on "6/6/2025 in Judge Hirsh's court."  Defendant stated that "[i]nitially, during the two separate OP's (orders of protection), [plaintiff] was allowed to come to the property to obtain his additional items, and failed to do so." Then, on "6/6/2025, [plaintiff] asked to have property returned or be able to go to the property with PD (presumably police department) escort and Judge Hirsh denied the request." Defendant argued that "[i]tems were not wrongfully or unlawfully taken."

¶ 7    That day, June 18, 2025, the trial court set the matter for trial on July 23, 2025.  On July 23, 2025, the court denied defendant's motion to dismiss.  The order further stated that plaintiff was to file "any petitions for rule on discovery matters prior" to the next court date.

¶ 8    On July 24, 2025, plaintiff filed a response stating that defendant was "not the owner of the German Shepherd Dog, Kasha (7)."  According to plaintiff, the dog was "purchased during

[their] relationship as a gift to the relationship by both parties." However, plaintiff claimed to be "the sole owner." Plaintiff argued that "[o]nly [he] signed the purchasing contract, [and that Kasha] is registered under [his] name only through the County, Veterinarian, Microchip Agency, Kennel club, etc." Plaintiff alleged that he "chose to contribute financially to Kasha (the dog) while [they] were in a relationship. However, the "relationship ended August 2024," and plaintiff had "been solely responsible for the care of Kasha since August 2024."

¶ 9 On August 12, 2025, plaintiff filed a motion to compel. In his motion, plaintiff stated that a subpoena was delivered to the Animal Hospital of Woodstock on June 24, 2025, which requested "documents, invoices and who paid the invoices for the German Shepard [*sic*] that was purchased jointly with the defendant." Plaintiff claimed that as of that date, he still had not received those documents. On August 13, 2025, plaintiff filed a petition for rule to show cause based on the animal hospital not producing the "records that were subpoenaed for Kasha" the German Shepherd. On August 13, 2025, the court struck without prejudice plaintiff's motion to compel, and plaintiff was granted leave to serve a petition for rule to show cause against the animal hospital. Plaintiff ultimately withdrew his petition.

¶ 10 On September 26, 2025, the trial court entered an order stating that "this matter came to be heard on [plaintiff's] complaint for replevin, amended through motion filed 6/12/25, both parties present and representing themselves in court." The court further stated that after "conducting a bench trial," the court found, in relevant part, that defendant "has a superior possessory interest in the dog, a German Shepherd named Kasha," and thus plaintiff's request for possession of that dog is denied. The court's order also stated that the sheriff's department "shall be present during the removal of the gun safe and other items listed" based on "an existing order of protection."

¶ 11 Plaintiff's timely appeal followed.

¶ 12                                    II. ANALYSIS

¶ 13    On appeal, plaintiff presents the following three issues relating to the ownership or possession of the dog: (1) whether the trial court committed reversible error by concluding it lacked authority to adjudicate ownership or possession of jointly owned personal property following the entry of a plenary order of protection; (2) whether the trial court abused its discretion by refusing to consider undisputed evidence establishing plaintiff's substantial financial ownership interest in the dog; and (3) whether denying plaintiff any mechanism to seek return of allocation of jointly owned property violated due process.

¶ 14    There are two critical problems concerning plaintiff's appeal.  First, the September 26, 2025, order appealed by plaintiff specifically refers to "a bench trial" conducted by the trial court. However, plaintiff has failed to include the transcript or report of proceedings of that bench trial in the record on appeal.  It is well-established that the appellant has the burden to present a sufficiently complete record of the proceedings below to support a claim of error. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391 (1984).  In the absence of such a record, this court presumes that the trial court's order was in conformity with the law and had a sufficient factual basis, and any doubts arising from the incomplete record will be construed against plaintiff.  *Lytle v. Country Mutual Ins. Co.*, 2015 IL App (1st) 142169, ¶ 28.  See also *Evans v. Cook County State's Attorney*, 2021 IL 125513, ¶ 38 (were we to presume that an evidentiary hearing occurred but that we lacked a transcript of the hearing, *Foutch* dictates that we would simply presume that the trial court's order was in conformity with the law and had a sufficient factual basis).  Given the deficient record in the instant matter, along with the certainty that a bench trial was conducted, this court presumes that the trial court's order finding that defendant had a superior possessory interest in the dog was in conformity with the law and had a sufficient factual basis.

¶ 15    The second problem concerns plaintiff's appellate brief, in that plaintiff fails to cite the record or incorporate the trial evidence into his argument. Our supreme court rules provide that contentions in appellate briefs must be supported by citations to the record and reasoned analysis, and contentions not so developed are forfeited. See Ill. S. C. R. 341(h)(7) (eff. Oct. 1, 2020). See *Wing v. Chicago Transit Authority*, 2016 IL App (1st) 153517, ¶ 11 (a reviewing court is entitled to the benefit of clearly defined issues with pertinent authority cited and a cohesive legal argument; this court is not a depository in which the appellant may dump the burden of research and argument). Importantly, plaintiff's *pro se* status does not excuse him from compliance with these briefing requirements. See *Litwin v. County of La Salle*, 2021 IL App (3d) 200410, ¶ 3.

¶ 16    In sum, based on the incomplete record and the forfeiture of plaintiff's arguments, we affirm the trial court's order finding that defendant has a superior possessory interest in the dog.

¶ 17                            III. CONCLUSION

¶ 18    For the reasons stated, we affirm the judgment of the circuit court of McHenry County.

¶ 19    Affirmed.